**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Felipe de Jesus OLVERA–CAMPOS,**
**Defendant–Appellant.**

No. 10–50050.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 22, 2010.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas Blanchard Snyder, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John Carl Lemon, II, Law Offices of John C. Lemon, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Felipe Olvera–Campos appeals the sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326.

Olvera–Campos contends that the district court erred when it imposed a sentence in excess of the two-year statutory maximum under 8 U.S.C. § 1326. He asserts that *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been effectively overruled by *Nijhawan v. Holder,* — U.S. ——, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009). This contention lacks merit. *Almendarez–Torres* has never been expressly overruled and continues to constitute binding precedent. *See, e.g., United States v. Garcia–Cardenas,* 555 F.3d 1049, 1051 (9th Cir.2009) *(per curiam); United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1093 (9th Cir.2007).

As Olvera–Campos concedes, his assertion that the district court erred when it applied a 16–level "crime of violence" adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior conviction for inflicting corporal injury on a spouse, in violation of California Penal Code § 273.5, is foreclosed. *See United States v. Laurico–Yeno,* 590 F.3d 818, 823 (9th Cir.2010) (holding that a conviction under California Penal Code § 273.5 is categorically a "crime of violence" under the Guidelines because the offense requires the intentional use of physical force against the person of another).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.